IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 5 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-00420-BNB

FRANKLIN KEMP,

    Applicant,

v.

BRIGHAM SLOAM, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Franklin Kemp, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Kemp filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 1]. He challenges the validity of his conviction and sentence in Arapahoe County District Court Case No. 97CR2688. In an order filed on March 2, 2011, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On March 15, 2011, Respondents submitted a pre-answer response. Mr. Kemp was given an opportunity to file a reply. He filed a "Pre-answer" on March 18, 2011.

    The Court must construe the Application filed by Mr. Kemp liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

## I. Background and State Court Proceedings

Mr. Kemp was convicted by an Arapahoe County District Court jury of two counts of sexual assault on a child by one in a position of trust, two counts of aggravated incest, one count of contributing to the delinquency of a minor, and two counts of mandatory sentencing for a crime of violence. Pre-Answer Resp. Ex. 1, at 6. On January 6, 2000, the trial court sentenced Mr. Kemp to forty-two years imprisonment with the DOC. *Id.* at 5.

Mr. Kemp's convictions were affirmed on direct appeal in *People v. Kemp*, No. 00CA0303 (Colo. App. Feb. 21, 2002) (unpublished opinion). Pre-Answer Resp. Ex. 4. The Colorado Supreme Court denied certiorari review on August 19, 2002. *Id.*, Ex. 5.

On December 20, 2002, Mr. Kemp filed a motion for reduction of sentence pursuant to Colorado Rule of Criminal Procedure 35(b), which was denied by the trial court on April 14, 2003. Pre-Answer Resp. Ex. 1, at 4. He did not appeal the trial court's order. *Id.*, Ex. 1.

On April 6, 2006, Mr. Kemp filed a motion to correct illegal sentence, which was denied by the trial court on June 19, 2006. *Id.*, Ex. 1, at 3-4. His notice of appeal was dismissed by the Colorado Court of Appeals on January 7, 2007, for failure to respond to an order to show cause. *Id.*, Ex. 1, at 3.

Mr. Kemp filed another motion to correct illegal sentence on March 20, 2009, which was denied by the trial court on May 9, 2009. Pre-Answer Resp. Ex. 1, at 3. He did not file an appeal. Pre-Answer Resp., Ex. 1. Mr. Kemp filed a third motion to correct illegal sentence on December 24, 2009, which was denied by the trial court on January 29, 2010. *Id.*, Ex. 1, at 2-3. He did not appeal the trial court's order. *Id.*, Ex. 1.

On July 27, 2010, Mr. Kemp filed a motion to vacate sentence pursuant to Colorado Rule of Criminal Procedure 35(c), asserting ineffective assistance of counsel. Pre-Answer Resp., Ex. 1, at 1-2. The trial court denied that motion on October 6, 2010. *Id.* at 1. Mr. Kemp did not file an appeal. Pre-Answer Resp., Ex. 1.

Mr. Kemp then filed a second Rule 35(c) motion which the court denied on December 3, 2010 as untimely. Pre-Answer Resp., Ex. 1, at 1. He did not appeal the trial court's order. *Id.*, Ex. 1.

Mr. Kemp initiated this action on February 18, 2011. He asserts three claims in his Application.

Respondents argue that the Application is untimely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1).

## II. AEDPA Time Bar

Section 2244(d) provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application

> created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Kemp's case became final. Applicant was sentenced on January 6, 2000. Pre-Answer Resp. Ex. 1, at 5. He filed a direct appeal of his conviction and the Colorado Supreme Court denied certiorari review on August 19, 2002. Mr. Kemp did not seek a writ of certiorari from the United States Supreme Court. As a result, his conviction became final ninety days later, on November 17, 2002, when the time in which he could have petitioned for review in the United States Supreme Court expired. *See* Sup. Ct. R. 13(1); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001).

The Court must next determine whether Mr. Kemp's state post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the

4

meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." ***Artuz v. Bennett***, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See **Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999).

The limitations period ran for **thirty-three** days until it was tolled on December 20, 2002, by the filing of Mr. Kemp's motion for reduction of sentence pursuant to Colo. Crim. P. Rule 35(b). *See **Robinson v. Golder***, 443 F.3d 718, 721 (10th Cir. 2006) (motion for reconsideration filed pursuant to Colo. Crim. P. Rule 35(b) tolls the one-year limitations period); ***see also Wall v. Kholi***, 131 S.Ct. 1278, 1282 (2011) (holding that the phrase "collateral review" in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review). The one-year AEDPA time clock commenced again on April 14, 2003, when the trial court denied that motion and ran for **almost three years** until April 6, 2006, when Mr. Kemp filed a motion to correct illegal

sentence. At that point, however, the one-year period had already expired. Any post-conviction motions filed by Mr. Kemp in 2006 or thereafter are irrelevant to the timeliness of his federal § 2254 Application under 28 U.S.C. § 2244(d). **See Clark v. Oklahoma**, 468 F.3d 711, 714 (10th Cir. 2004) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); **Fisher v. Gibson**, 262 F.3d 1135, 1142-43 (10th Cir. 2001).

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons "in rare and exceptional circumstances." **Gibson**, 232 F.3d at 808 (internal quotation marks omitted); **see also Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. **Gibson**, 232 F.3d at 808. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. **Miller**, 141 F.3d at 978. Finally, the habeas petitioner bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.**

Mr. Kemp argues in his "Pre-answer" (Doc. No. 13) that extraordinary circumstances prevented him from filing his Application in a timely manner. Mr. Kemp states that he suffered a head injury as a child which has resulted in a lifelong learning disability. He (or the person filing on his behalf) further states that he is illiterate. Mr. Kemp represents that he has a fifth grade education in a state post-conviction motion attached to his Application.

Illiteracy or a learning disability are not grounds for tolling the AEDPA statute of limitations. **See Laurson v. Leyba**, 507 F.3d 1230, 1232 (10th Cir. 2007). Moreover,

the Court has reviewed the state court post-conviction pleadings attached to the Application and finds that Mr. Kemp appears to be capable of filing pleadings in the state and federal courts. A prisoner's pro se status does not excuse timely filing. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citations omitted).

The Court finds that Mr. Kemp has failed to demonstrate that equitable tolling is appropriate. The instant action therefore will be dismissed as time-barred. Because the action is untimely, the Court need not address Respondents' arguments concerning procedural default. Accordingly, it is

ORDERED that Franklin Kemp's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 [Doc. No. 1] is denied and this action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

DATED at Denver, Colorado, this 5th day of April, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00420-BNB

Franklin Kemp
Prisoner No. 103605
Bent County Correctional Facility
11560 Road FF.75
Las Animas, CO 81054-9573

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on April 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk